IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN EVANS
Operation LEAD, et al.,

   Plaintiffs,

    v.

KIMBERLY-CLARK/HUGGIES™
THOMAS FALK, CEO, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-1678-TWT

ORDER

This is an action for conversion of trade secrets. It is before the Court on the Defendants' Motion to Dismiss [Doc. 8]. For the reasons stated below, the motion is granted.

I. Background

The Plaintiffs, Eula B. Winfrey, John Evans, and Operation LEAD, allege that in 1998, Ms. Winfrey came up with the idea for "Step-Up Diapers." Although there are three plaintiffs, none of the allegations involve either Mr. Evans or Operation LEAD. Therefore, the only relevant parts of the background involve Ms. Winfrey.

Ms. Winfrey alleges that the Defendants stole her idea. In October 1999, she submitted a patent application to the Kimberly-Clark Corporation ("KCC"). KCC returned the patent submission on the grounds that it was already aware of such an invention. Subsequently, Ms. Winfrey filed a patent claim with the Patent Trademark Office ("PTO"). She contends that the PTO delayed processing her patent for unknown reasons. While she was waiting to get her patent, KCC began advertising and selling diapers just like the one she had invented. She saw several advertisements for the diaper product sometime in 2001. Meanwhile, her patent application was pending before the PTO (and ultimately denied).

Ms. Winfrey alleges that she contacted many people to help her including the NAACP. The NAACP provided her with seven attorneys. But it is unclear what form of help these attorneys provided. Ms. Winfrey's Complaint contains wild speculations such as the possibility of a "conspiracy between the USPTO and Kimberly Clark" to deny her patent. The Complaint also includes what appears to be a threat to appear on NBC news in the event that the Defendants do not comply with her demands. The demands include: that Ms. Winfrey be awarded a patent on her diaper invention, that she be compensated for patent infringement, "[t]hat the matters of this case be exposed publicly," and to have "such pirating by such corporations as these be exposed."

(Compl., at 10.) She has also filed suit against the PTO, demanding that they give her a patent.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965 (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair

notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

## III. Discussion

Although the Complaint is difficult to follow at times, one fact is clear: the Plaintiff's claims are time-barred. The Complaint states that she discovered that KCC was selling her invention in 2001. And in 2002, she had seven lawyers to examine her claim. It is now 2008 and the statute of limitations on any of Ms. Winfrey's claims have long since passed.

Although the Complaint is vague about exactly which laws the Defendants violated, the Plaintiff's cause of action is time-barred under all applicable legal theories. The Georgia Trade Secrets Act of 1990 has a five year statute of limitations. O.C.G.A. § 10-1-766 (noting that trade secret misappropriation claims "must be brought within five years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered"). Although the Plaintiff does not identify when in 2001 she discovered what has been referred to as the Defendants' "plagiary of her invention," (Compl., at 3), the claim is still time barred. Even if she had discovered that KCC was marketing her invention on December 31, 2001, her claim expired on December 31, 2006.

Theft claims, either theft by taking or conversion, are also time-barred. See O.C.G.A. § 16-8-3; O.C.G.A. § 16-8-4. See also O.C.G.A. § 9-3-32 ("Actions for recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues."). There is no reason that the Plaintiff could not have taken appropriate action once she saw KCC's advertisements for a product that she allegedly invented.

The Plaintiff contends that KCC fraudulently prevented her from figuring out the fraud. But the argument is incoherent. The only question is whether the Plaintiff knew that KCC was selling what she claims was her invention. And she had all the information she needed when she saw the advertisements. The Plaintiff has failed to advance a single reason as to why her knowledge of the diaper advertisements in 2001 did not provide enough information for her to be able to defend her legal rights.

Ms. Winfrey does contend that KCC deliberately misnumbered the patent in order to throw her off the trail. But the patent in question was issued on January 17, 1989, more than 10 years before the Plaintiff filed her patent application. Obviously, it is unlikely that KCC stole ideas that Ms. Winfrey had not yet thought of. Furthermore, it is not clear how patent misnumbering affects the question of whether KCC started illegitimately selling a product that she invented. So long as Ms. Winfrey was aware of those actions, she knew enough to sue.

She also alleges that she was unable to file a suit because she had to wait for the PTO appeals process to finish. But, as far as the Court is aware, there is no statute or legal principle that prevents a litigant from filing a claim for breach of contract or fraud against a third party simply because a patent appeal is pending. Furthermore, the statute of limitations for any breach of contract claims have expired as well. See O.C.G.A. § 9-3-25 (four years for oral contracts); O.C.G.A. § 9-3-24 (six years for written contracts).

In addition, Operation LEAD and John Evans should be dismissed from the lawsuit. They are not acting as attorneys in this case, and they have failed to allege any injury. Therefore, they lack standing. Lastly, the Plaintiff concedes that she is not alleging any claims against Thomas Falk, KCC's CEO. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 3) ("However, Mr. Falk is only named, in that, he is the CEO of Kimberly-Clark Corporation; Ms. Winfrey is filing suit directly upon Kimberly-Clark Corporation.") Therefore, any claims against him should be dismissed as well.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss [Doc. 8] is GRANTED.

SO ORDERED, this 30 day of July, 2008.


                                            /s/Thomas W. Thrash
                                            THOMAS W. THRASH, JR.
                                            United States District Judge